Submit order on notice in accordance with this decision.

---

(85 Misc. Rep. 275)

### In re HEILBUTH'S ESTATE.

(Surrogate's Court, New York County. April 30, 1914.)

1. TAXATION (§ 867*)—INHERITANCE TAXATION—TRANSFERS SUBJECT TO TAX.
    A transfer of bonds and mortgages by a nonresident to a trustee by a deed of trust was not subject to the transfer tax unless they were then in the state, though they were kept in the state by the trustee under the deed of trust.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1681–1684; Dec. Dig. § 867.*]

2. TAXATION (§ 867*)—INHERITANCE TAXATION—TRANSFERS SUBJECT TO TAX.
    Decedent's father bequeathed property in trust for his wife and two daughters until the daughters reached the age of 21, when the estate was to be divided between them subject to an annuity given the wife. When deceased reached that age, without any distribution of the estate, which then consisted of bonds and mortgages, by the trustee, she and her mother joined in a deed conveying one-half the estate in trust for herself and her mother with remainder after the mother's death to herself or her issue. She and the trustee were then nonresidents. *Held*, that the transfer was not subject to the transfer tax, since deceased was not the owner of the bonds and mortgages forming a part of the estate, but only had a right to compel her father's trustee to pay her interest in the estate, and her in-

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terest was therefore an equitable chose in action due a nonresident, which the state could not tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1681–1684; Dec. Dig. § 867.*]

Proceeding to fix the transfer tax on the estate of Caroline Heilbuth. From an order of the appraiser fixing the tax, the surviving trustee of a trust fund created by the decedent appeals. Reversed.

Satterlee, Canfield & Stone, of New York City, for appellant trustee.

George M. Cumming, of New York City, for appellant Edward H. Heilbuth, as ancillary guardian.

John S. Jenkins, of New York City (Henry A. Miller, of New York City, of counsel), for respondent State Comptroller.

FOWLER, S. [1, 2] This is an appeal by the surviving trustee of a trust fund created on the 23d day of October, 1896, by the decedent and her mother, Mary E. Raynolds. John Raynolds, a resident of New Jersey, died in 1892, leaving a widow, Mary E. Raynolds, and two daughters, one of whom, Caroline Heilbuth, is the decedent herein. By his will he gave his estate to his executrix in trust to pay his wife the sum of $3,000 per annum, and to pay a certain part of the income to his daughters until they arrived at the age of 21 years. He further directed his trustee to divide the residue of his estate between his daughters when they arrived at the age of 21 years; but this bequest was subject to the legacy of an annuity of $3,000, which he directed to be paid to his wife during her life. When the two daughters had reached the age of 21 years, Mary E. Raynolds as trustee of the estate of John Raynolds, and Caroline Heilbuth, one of the daughters, executed an instrument by which they declared that they had terminated the trust in favor of the widow in so far as it affected one-half of the estate of John Raynolds, and in lieu thereof the parties to the said instrument transferred and assigned to Mary E. Raynolds and George F. Caulfield, as trustees, "all of the said one-half part of the estate of said John Raynolds, deceased." The trustees were directed to collect the income from the said one-half of the estate of John Raynolds, and out of said income to pay Mary E. Raynolds the sum of $1,500 annually during her life, the balance of the income to be paid to Caroline Heilbuth, and upon the death of Mary E. Raynolds to transfer and pay over the principal of the trust fund to Caroline Heilbuth, if she were then living, and, in case of her death prior to that time, to pay it to her issue. Caroline Heilbuth, the decedent herein, died on the 10th day of November, 1898. Mary E. Raynolds died on the 16th of August, 1912. The appraiser appointed by this court to appraise the value of the estate of Caroline Heilbuth for the purpose of the transfer tax reported that the estate of John Raynolds consisted of bonds and mortgages of the value of $103,970.35, and that one-half thereof, less certain deductions amounting to $4,434.85, was subject to taxation as a transfer of the property of Caroline Heilbuth under the deed of trust executed by her on the 23d of October, 1896. The decedent, at the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time she executed the deed of trust, had her domicile in France, and she was domiciled there at the time of her death.

There is no proof that the bonds and mortgages constituting the estate of John Raynolds, deceased, were kept by his trustee in the state of New York, or that they were located in this state at the time the trust deed was executed by the decedent, but it is conceded that the bonds and mortgages were kept in this state by the trustee appointed under the deed of trust. Even if the title to the bonds were in the decedent, they would not be subject to a tax unless they were located in this state at the date the deed was executed, because at that time she was not a resident of this state. The decedent was not entitled to possession of any part of the corpus of the trust fund created under the will of her father until she arrived at the age of 21 years. Upon attaining that age she became entitled to possession of one-half of what remained after an amount necessary to produce an income of $3,000 a year for her mother, Mary E. Raynolds, had been retained by the trustee. No distribution of the trust fund was made by the trustee when the decedent arrived at the age of 21; but the deed of trust above referred to was then executed by the decedent and her mother. The title to the bonds and mortgages constituting the corpus of the trust fund was in the trustee appointed under the will of John Raynolds until the trust was terminated by the execution of the deed of trust on the 23d of October, 1896, at which time the title to one-half of the estate of John Raynolds was vested in the trustee appointed by that instrument. Therefore the decedent herein did not have title to any of the bonds and mortgages mentioned in the appraiser's report at any time prior to her death. She was not entitled to the possession of any particular bond, nor was she the owner of any particular piece of property held by the trustee. Her interest in the bonds and mortgages at the time she executed the deed of trust on October 23, 1896, consisted of a right to compel the trustee to pay her one-half of what remained after the trustee had set apart a sum sufficient to pay Mary E. Raynolds an income of $3,000 per annum. But this right was not enforced by her, so that she never acquired title to the property. Her interest in the estate, therefore, at the time of the execution of the deed of trust, was an equitable chose in action, and as she was domiciled in France at that time, and the trustee under the will of John Raynolds was a resident of New Jersey, the state of New York had no jurisdiction to impose a transfer tax upon the property transferred by the deed of trust executed by the decedent on the 23d day of October, 1896. Matter of Phipps, 77 Hun, 325, 28 N. Y. Supp. 330, affirmed 143 N. Y. 641, 37 N. E. 823; Matter of Zafita, 167 N. Y. 280, 60 N. E. 598.

The order fixing tax will therefore be reversed, and the property passing to decedent's issue by virtue of the deed of trust executed on October 23, 1896, be declared exempt from taxation. Settle order on notice.