Matter of the Estate of SHEFFIELD PHELPS, Deceased.

(Surrogate's Court, New York County, May, 1917.)

Transfer tax — claim for exemption — when transfer by trustees of assets in kind to executors of deceased residuary legatee not subject to transfer tax.

Shortly after the death in 1894, of a non-resident of this state, part of whose estate consisted of certain shares of stock of the National City Bank of New York, an agreement was

Surrogate's Court, New York County, May, 1917. [Vol. 100.

entered into between the testamentary trustees and the residuary legatees by which the trustees were authorized to continue the investments of the estate, or to make such other investments as they might deem advisable, to sell the securities belonging to the estate at such times as seemed most advantageous and to divide the proceeds among the legatees. At the death of one of the residuary legatees, a non-resident, in 1902, part of the principal of the estate of his testator, which was still in the hands of the trustees, consisted of shares of stock of said bank. In accordance with their decision to distribute in kind certain assets of the estate the trustees prepared to transfer to the executors of the estate of the deceased residuary legatee certain shares of the stock of said bank as his share of the assets but the bank refused to make the transfer except upon the consent of the state comptroller or the order of the court determining that such transfer was not subject to a tax. On granting an application to exempt from taxation the transfer of said stock, *held*, that the interest of the deceased legatee was simply a right to an accounting and not to any specific part of the assets of the estate; it was an interest in the proceeds of the sale of such stock when such proceeds were distributed among the residuary legatees, and was not subject to a transfer tax.

APPLICATION to exempt from taxation the transfer of certain shares of stock of the National City Bank of New York.

Henry Wynans Jessup, for petitioner.

Lafayette B. Gleason (Schuyler C. Carleton, of counsel), for state comptroller.

FOWLER, S. This is an application to exempt from taxation the transfer of 1,637 shares of stock of the National City Bank of New York. These shares of stock constituted part of the assets of the estate of William Walter Phelps, who was a resident of New Jersey and who died in 1894. Shortly after his death an agreement was entered into between the trustees named in his will and the residuary legatees, by which

the trustees were authorized to continue the invest-
ments of the estate or to make such other investments
as they deemed advisable, to sell the securities belong-
ing to the estate at such times as seemed most advan-
tageous and to divide the proceeds among the legatees.
Sheffield Phelps was one of the residuary legatees.
He died in the summer of 1902, a resident of New
Jersey. At that time part of the principal of the
estate of William Walter Phelps, which was still in the
hands of the trustees, consisted of shares of stock of
the National City Bank of New York. Subsequently
the trustees decided to distribute in kind certain assets
of the estate, and in accordance with this decision they
prepared to transfer to the executors of the estate of
Sheffield Phelps 1,637 shares of stock of the National
City Bank as his share of the assets. The bank
refused to transfer these shares except upon the con-
sent of the state comptroller or the order of this court
determining that their transfer was not subject to a
tax. The state comptroller opposes this application.

The tax law in force at the date of decedent's death
provided for the imposition of a tax upon the transfer
by a non-resident of property located in this state, and
shares of stock in a domestic corporation constituted
such property. In the matter under consideration,
however, the decedent at the time of his death did not
own any shares of stock of the National City Bank;
these shares were held by the trustees under the will
of William Walter Phelps for the benefit of the
residuary legatees. His interest in the estate was a
right to an accounting, not a right to any specific part
of the assets of the estate. It was not an interest in
any particular stock, but an interest in the proceeds
of the sale of such stock when such proceeds were
being distributed among the legatees. It was, there-
fore, merely a chose in action against a non-resident,

Surrogate's Court, New York County, May, 1917. [Vol. 100.

and as the decedent was a non-resident it was not subject to a tax under the Tax Law of this state. *Matter of Heilbuth*, 85 Misc. Rep. 275.

The application to declare the transfer of the 1,637 shares of stock of the National City Bank exempt from taxation is granted.

Application granted.