In the Matter of the Appraisal under the Transfer Tax Act of the Property of Robert T. Clinch, Deceased.

Cornelia Stewart Merrillion, as Substituted Trustee, Appellant; The Comptroller of the State of New York, Respondent.

Tax — When Legacy Payable to Non-resident Legatee Is Subject to Transfer Tax (L. 1896, Ch. 908, §§ 220–242). Where a resident of France, entitled to a share of a residuary estate, under a will admitted to probate in this state, died before his share was paid to him and it is paid to his executor and trustee under his will, also admitted to probate in this state, his share of such residuary estate is liable to the transfer tax and is not exempt upon the ground that at the time of his death his interest therein was a mere chose in action the situs of which was not in this state but at his domicile in France.

*Matter of Clinch*, 99 App. Div. 298, affirmed.

(Argued January 11, 1905; decided January 24, 1905.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 14, 1904, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of Robert T. Clinch, deceased.

The facts, so far as material, are stated in the opinion.

*Howard Thayer Kingsbury* for appellant. The right of Robert T. Clinch, at the time of his death, to an accounting by his father's executors for his father's personal estate, was a

mere chose in action, and hence not property within the state
of New York. (*Matter of Bronson*, 150 N. Y. 1; *Matter of
Preston*, 75 App. Div. 250; *Blood* v. *Kane*, 130 N. Y. 514;
*Matter of Phipps*, 143 N. Y. 641; *Matter of Whiting*, 150
N. Y. 27; *Matter of Morgan*, 150 N. Y. 35; *Matter of Probst*,
40 Misc. Rep. 431; *Matter of Houdayer*, 150 N. Y. 37; *Matter of Zefita*, 167 N. Y. 280; *Matter of Huber*, 86 App. Div.
458.)   The situs of the right at the time of decedent's death
controls, and subsequent events are immaterial. (*Matter of
Seaman*, 147 N. Y. 69; *Matter of Pell*, 171 N. Y. 48; *Matter of Davis*, 149 N. Y. 559; *Matter of Sloane*, 154 N. Y.
109; *Matter of Phipps*, 77 Hun, 325; *Matter of Chabot*, 44
App. Div. 340; *Matter of Zefita*, 167 N. Y. 280; *Matter of
Bronson*, 150 N. Y. 1.)

*J. A. Kellogg* and *Delcour S. Potter* for respondent.   The
transfer of property, consisting of stocks in New York corporations, bonds and tangible property physically present in the
state of New York, which were apportioned to the estate of
Robert T. Clinch after his death by the executors of Charles
J. Clinch, deceased, is taxable. (*Matter of Bronson*, 150
N. Y. 1; *Matter of Whiting*, 150 N. Y. 27; *Matter of Morgan*, 150 N. Y. 35; *Matter of Phipps*, 77 Hun, 325; *Matter of Zefita*, 167 N. Y. 280.)

Haight, J.   The tax was imposed on the appellant as
trustee under the will of Robert T. Clinch, deceased, upon
the share of the residuary estate of Charles J. Clinch, the
father of said Robert, which was paid over to the executor of
Robert subsequent to his decease.   Robert, at the time of his
death, was a non-resident of this state, residing in Paris, France.
At that time his father's estate had not been distributed.   Subsequently distribution was had, and the executor of Robert
received in satisfaction of his share of his father's estate
specific securities.   It is not questioned that the transfer from
Charles to Robert was subject to a transfer tax; the controversy here relates solely to the transfer under Robert's will to
his legatees.   The learned counsel for the appellant contends

that at the time of Robert's death his interest in his father's estate was a mere chose in action, the situs of which was not this state, but at Robert's domicile in France; that hence that was not property within the state and subject to our inheritance laws, and that the action of the executor subsequent to Robert's death in receiving in satisfaction of that chose in action specific securities held in this state could not subject the property to our inheritance tax if it was not liable to the imposition of such a tax at the time of Robert's death. We may concede for the discussion all the appellant claims except the single proposition that a claim due a non-resident from a resident of this state is not property within this state subject to the imposition of our transfer tax. It is true that in the case of *Matter of Phipps* (77 Hun, 325; affirmed on opinion below, 143 N. Y. 641) Judge VAN BRUNT said that the right to a legacy given by the will of a resident of this state to a non-resident could not be considered property located within this state. Subsequently there was decided by this court four cases, *Matter of Bronson*, *Matter of Whiting*, *Matter of Morgan*, and *Matter of Houdayer* (150 N. Y. 1; Id. 27; Id. 35; Id. 37), all arising under the Transfer Tax Law. In those cases it was held that bonds of a New York corporation held by a non-resident and in his possession at the place of his domicile at the time of his death were not subject to the tax, but that deposits in bank in this state were so subject. In the *Houdayer* case Judge VANN placed the liability of deposits in bank to taxation on the broad ground that it was through the laws and courts of this state that their repayment could be enforced. The majority who concurred in that decision did not deem it necessary to go so far, but were of opinion that a deposit in bank was practically the same as actual money. In *Matter of Blackstone* (171 N. Y. 682) we followed the decision in the *Houdayer* case and again taxed the deposit of a non-resident in a New York trust company. That case was appealed to the Supreme Court of the United States and our decision affirmed. (*Blackstone* v. *Miller*, 188 U. S. 189.) The

Supreme Court took the same broad ground held by Judge VANN in this court. It said that the doctrine that the situs of personal property was the domicile of the owner was merely a fiction which must yield to facts; that it was the law of the place where the debtor resided which gave the debt validity and forced the debtor to pay, and that it was within the constitutional power of the state where the debtor resided to tax the obligation from him to a non-resident excepting, however, the case of bonds and negotiable instruments which are considered to be not merely evidence of the debt but inseparable from the debt itself. This decision was but the logical result of an earlier determination by the court in *Chicago, Rock Island & P. R. Co.* v. *Sturm* (174 U. S. 710) where it was held that a debt due from a resident to a non-resident could be seized by a creditor of the latter in the domicile of the debtor. Under the doctrine of the *Blackstone* case the interest of Robert Clinch in his father's estate was subject to the inheritance tax imposed by the laws of this state.

The order of the Appellate Division should be affirmed, with costs.

BARTLETT, J. I vote for affirmance and the opinion.

This court held in *Matter of Zefita, Countess De Rohan-Chabot* (167 N. Y. 280), that the transfer tax could not be imposed on a legacy of a residuary estate until the amount of that estate is ascertained. The parties in interest in that case were all non-residents.

In the case at bar the transfer tax was imposed after the amount of the residuary estate had been ascertained, and clearly falls within the law as laid down in the case cited. In the case before us the parties are also non-residents.

The nature of the interest of a residuary legatee prior to a final accounting of the executor was considered in *Matter of Phipps* (77 Hun, 325; affirmed on opinion below, 143 N. Y. 641).

CULLEN, Ch. J., GRAY, O'BRIEN, VANN and WERNER, JJ., concur with opinion and memorandum.

Order affirmed.