In the Matter of the Transfer Tax upon the Estate of FREDERICK R. HAZARD, Deceased.

DORA G. S. HAZARD et al., as Executors, et al., Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

**Tax — transfer tax upon property passing by will is due at death of decedent — when decedent died entitled to a share in his father's estate not then distributed, the income thereof accruing after decedent's death is not subject to a transfer tax.**

1. The personal representatives of a decedent may claim all deductions and exemptions from the Federal income tax to which a decedent would have been entitled (39 U. S. Stat. at Large, as amd. 1917). Hence such tax due from the estate of a decedent which must be paid by his executors must be deducted in arriving at the amount of the transfer tax on his estate. (*Matter of Sherman*, 179 App. Div. 497; affd., 222 N. Y. 540; *Matter of Bierstadt*, 178 App. Div. 836; *Matter of Freund*, 143 App. Div. 335; affd., 202 N. Y. 556, distinguished.)

2. The tax imposed by the statute (Tax Law [Cons. Laws, ch. 60], art. X) upon the transfer by will, or under the intestate laws, of any property is upon the clear market value of the property possessed by the decedent at the time of death. It is due and payable at the time of the transfer which is also the time of death (§ 222), and the amount of the tax is not affected by an increase or decrease in the value of the estate between the date of death and its subsequent distribution. Where it appears that the amount upon which a tax was based includes subsequent earnings of the undistributed share before it was paid to testator's executors, the assessment as to such earnings is unjustified and the income acquired after the death of testator's father must be deducted. (*Matter of Clinch*, 99 App. Div. 298; affd., 180 N. Y. 300, distinguished.)

*Matter of Hazard*, 188 App. Div. 869, reversed.

(Argued January 6, 1920; decided January 20, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 4, 1919, which unanimously affirmed an order of the Onondaga County Surrogate's Court assessing a transfer tax upon the estate of Frederick R. Hazard, deceased.

Frederick Rowland Hazard died on February 27th, 1917. The Federal tax upon income received by him from January 1st, 1917, to the date of his death paid by the executors of his will to the United States government was $10,698.68. This amount was not deducted in determining the value of the estate subject to the transfer tax pursuant to article X of the Tax Law. (Cons. Laws, chap. 60.) This ruling has been approved by the lower courts and presents the first question for consideration.

Rowland Hazard, the father of Frederick Rowland Hazard, died in 1899 leaving his son two-sevenths of his estate. At the time of Frederick's death there had been no accounting and distribution and it was not until December 1st, 1917, or nine months after Frederick's death, that the value of his distributive share was ascertained to be $2,025,675.87. Of this amount $142,742.46 represented two-sevenths of the income of the estate accruing after February 27th, 1917. Should this income be included as part of the estate of Frederick Rowland Hazard subject to the transfer tax? So far the courts have held that it was taxable.

*Nathan L. Miller* for appellants. It was error to refuse the deduction of $10,698.68, the income tax paid by the appellants to the United States government on the income of decedent for the year 1917 prior to his death. (*Brady* v. *Anderson*, 240 Fed. Rep. 665; *Brushaber* v. *U. P. R. R. Co.*, 240 U. S. 1; *Corbin* v. *Baldwin*, 101 Atl. Rep. 834; *Matter of Sherman*, 179 App. Div. 497; 222 N. Y. 542; *Matter of Freund*, 143 App. Div. 336; 202 N. Y. 556; *Matter of Westurn*, 152 N. Y. 93.) The two-sevenths of the income earned by the Rowland Hazard estate between the death of the decedent on February 27, 1917, and December 1, 1917, the date of distribution, is not taxable under the New York Transfer Tax Law. Only the property of which a person dies seized or possessed is taxable under the Transfer Tax Act. The increase or interest thereafter

obtained is not subject to such tax. (*Matter of Vassar*, 127 N. Y. 1; *Matter of Phipps*, 77 Hun, 325; 143 N. Y. 644; *Matter of Zefita*, 167 N. Y. 280; *Matter of Clinch*, 99 App. Div. 298; 180 N. Y. 300; *Matter of Penfold*, 87 Misc. Rep. 525; 168 App. Div. 948; 216 N. Y. 171.)

*George R. Fearon* for respondent. No error was committed by the surrogate in refusing to permit the deduction of $10,698.68, which appellants claim is the Federal income tax on the decedent's income from January 1, 1917, to his death on February 27, 1917. (*Matter of Sherman*, 179 App. Div. 497; *Matter of Bierstadt*, 178 App. Div. 836; *Matter of Westurn*, 152 N. Y. 93; *Matter of Kennedy*, 20 Misc. Rep. 531; *Matter of Freund*, 143 App. Div. 335; 262 N. Y. 556; *Buckhout* v. *City of New York*, 176 N. Y. 363.) No error was committed in determining the value of decedent's interest in the estate of his father, Rowland Hazard. (*Matter of Phipps*, 77 Hun, 325; 143 N. Y. 644; *Matter of Zefita*, 44 App. Div. 340; 167 N. Y. 280; *Matter of Clinch*, 99 App. Div. 298; 180 N. Y. 300.)

CRANE, J. We are of the opinion that the income tax payable to the United States government should have been deducted in determining the value of Frederick Rowland Hazard's estate subject to the transfer tax. The Federal Income Tax Law applicable to this estate is title I of the act of September 8th, 1916 (39 Statutes at Large, 1000), as amended by title XII of the act of October 3d, 1917. This provides for an annual tax upon the entire net income received in the preceding calendar year from all sources by every individual in the United States.

Regulation No. 33 governing the collection of the income tax imposed by the act of September 8th, 1916, as amended, provides by article IV, paragraph 23, as follows:

" Executors and Administrators:— If the net income of a decedent from January 1 to the date of his death within that year was $1,000 or over, if unmarried, or

$2,000 or over, if married, a return for such decedent must be made by the executor or administrator, and such executor or administrator may claim all deductions and exemptions to which the decedent would have been entitled under the law.".

The income from January 1st, 1917, to February 27th of the same year was a fixed and determined amount subject to no change. It was in the hands of the executors. By act of Congress it was taxable and the tax was levied directly upon the estate or this amount of income constituting part of the estate. In 1918 the executors would be called upon to pay it. For and in behalf of the deceased whom they represented they were obliged by the provisions of the above law to make a return to the Federal government showing the amount of this net income.

The tax is against the citizen and resident personally. The owner is taxed with reference to the income. As he, by reason of his death, cannot make a return his executors into whose hands his estate has come must do so. (*Brady* v. *Anderson*, 240 Fed. Rep. 665.)

The tax due the United States government upon the income received during the two months mentioned and payable in 1918 is not unlike any other debt or claim against the deceased which may not be due at the time of his death. In ascertaining the value of the estate for the purpose of the transfer tax, debts owing by the deceased are to be deducted. (*Matter of Westurn*, 152 N. Y. 93, 100.) The tax is upon that property only passing to the persons mentioned in the statute. Amounts due creditors do not pass by will or intestacy and are not within the provision of the law. (*Matter of Gihon*, 169 N. Y. 443.)

This tax was a charge upon the income of Frederick Rowland Hazard, payable by him, but which, because of his death, his executors paid for him. It reduced the amount of his property transferred by his will.

This case is distinguishable from those cited by the

respondent. In *Matter of Sherman* (179 App. Div. 497; affirmed, 222 N. Y. 540) it was held that the Federal estate tax-imposed by the United States Revenue Act of September 8, 1916, should not be deducted in determining the net taxable estate of the decedent subject to transfer tax. To the same effect is *Matter of Bierstadt* (178 App. Div. 836). The Federal tax, however, was not upon the estate of the deceased and under the Federal Constitution could not be. It was not a tax upon the property transferred, but a tax upon the transfer itself, the amount of the tax being measured by the value of the property affected by the transfers. The transferee took the full amount coming by will or distribution less, however, the tax imposed upon his share or right to take his share. The fact that the amount was payable by the executors before distribution did not and could not change the nature of the tax. It is for this reason that no deduction was made in ascertaining the transfer tax. No Federal charge was made upon decedent's estate. The same reason applies to *Matter of Freund* (143 App. Div. 335; affirmed, 202 N. Y. 556). The owner of lands died after they had been assessed for the purpose of taxation, but before the tax had been levied. It was held that the assessment created no indebtedness which could be deducted under the Transfer Tax Law; until the tax had been levied no legal charge could rest upon the estate, or become a lien upon the property. The rate even was not ascertained until after the owner's death. This is very different from a charge directly created by act of Congress payable at a fixed rate.

The amount, therefore, of $10,698.68 income tax paid to the United States government for the months of January and February, 1917, must be deducted from the gross estate of the decedent in fixing the transfer tax.

We are likewise of the opinion that the income of $142,742.46 earned and received upon the distributive share of Frederick Rowland Hazard in the estate of his

father after February 27, 1917, should not be included in the property subject to the transfer tax.

Taxable transfers are defined by article X of the Tax Law. It is there stated that a tax shall be imposed upon the transfer by will or the intestate laws of any property from a person seized and possessed thereof to the persons mentioned in the statute. The tax is upon the clear market value of the property possessed at the time of death. It is due and payable at the time of the transfer which is also the time of death (§ 222). The amount of the tax is not affected by an increase or decrease in the value of the estate between the date of death and its subsequent distribution. (*Matter of Vassar,* 127 N. Y. 1; *Matter of Penfold,* 216 N. Y. 163.)

When Frederick Rowland Hazard died, February 27th, 1917, he was entitled to a two-sevenths share of his father's estate. There had been no accounting and no distribution. He was entitled to an accounting and to distribution, and this right passed to his executors. It was in the nature of a chose in action. It was property not yet reduced to possession. The transfer tax while due and payable could not be ascertained because it had not yet been determined what Frederick Rowland Hazard was to receive. By December 1st, 1917, the estate of Rowland Hazard was ready to make distribution and paid to the estate of Frederick his two-sevenths share amounting to $2,025,675.87. In this amount, however, was included $142,742.46, received by the Rowland Hazard estate after Frederick's death. Of this amount he certainly was not possessed at the time of his death. Even the estate of Rowland Hazard had not then received it. It was in the process of earning or accumulation and was paid up to December 1st, 1917. If the date of Frederick's death is to be taken as the time for valuing his estate for the purpose of taxation it is difficult to understand how income thereafter received can be included as property possessed by him at the time of his death.

Where the personal ·estate of a deceased amounted to about $2,000,000 and at the time of appraisement had been increased by interest on investments in the amount of $150,000 it was held that this increase or interest was not property of which the testator was seized or possessed at the time of his death. ·  (*Matter of Vassar, supra.*)

All must recognize· that an appraisement cannot take place immediately after death and that some months may elapse before it can be made, but the value of the estate appraised is, nevertheless, to be taken as of the date of death.

The value of Frederick Hazard's distributive share in his father's estate could not be ascertained or appraised until paid and distributed.  The appraisement and payment of the tax were thus postponed, but the amount of it was not to be affected by the delay in making distribution or in settling the father's estate.  The value as paid over at the time of distribution may be assumed to be the value of the distributive share to which Frederick was entitled at the time of his death.  Where, however, it appears that the amount includes subsequent earnings or interest such assumption is unjustified.  From the amount distributed must be deducted the income acquired after death.  .

*Matter of Clinch* (99 App. Div. 298; affirmed, 180 N. Y. 300), upon which much reliance is placed by the respondent, merely determines that an interest in another estate not distributed at the time of death is taxable when paid. It fixes the time for ascertaining the amount of the transfer tax, but does not determine what that amount shall be. The question here presented was not raised in that case. ·

For the reasons here stated the orders must be reversed so far as appealed from, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, POUND and ANDREWS, JJ., concur.

Orders reversed, etc.