In the Matter of the Application of the Executor of the Estate of MARY T. THOMAS, Deceased, to Fix the Transfer Tax on the Estate.

Surrogate's Court, New York County, February 19, 1926.

**Taxation — transfer tax — vested remainder accruing after decedent's death to be valued under Tax Law, § 220, as of date of death at clear market value — amount received by executor on falling in of life estate discounted at six per cent will be fair adjustment — penalty remitted from ten per cent to six per cent.**

For the purpose of fixing the transfer tax, a vested remainder accruing after decedent's death must be valued under section 220 of the Tax Law, at its clear market value, as of the date of the death of the decedent, which is the date of the accrual of the tax.

Since the value of the asset could not have been fixed at the time of decedent's death, the life estate not having then terminated, a fair adjustment may be worked out in the appraisal if the amount actually received by the executor upon the termination of the life estate be discounted at six per cent per annum for the period between its accrual and payment.

In view of the circumstances in this case, the penalty on the transfer tax will be remitted from ten per cent to six per cent from the date of decedent's death to the date of payment, provided payment is made within ten days from the entry of the order.

APPLICATION by executor to fix transfer tax on an estate.

*Curtis, Mallet-Prevost, Colt & Mosle,* for the executor.

*Chas. A. Curtin,* for the Tax Commission.

O'BRIEN, S. The application to fix the transfer tax is granted. The decedent at the time of her death, February 13, 1910, was the owner of a vested remainder created by the will of Sarah H. Willard, subject to the life estate of Harriet Willard, who survived decedent. This asset was not included in the appraisal of decedent's estate. Her executor received the value of her interest on December 7, 1925, after the death of the life tenant.

The provisions of the Tax Law regulating the taxation of life estates and remainders refer to such interests when and as created by the will of the decedent whose estate is being appraised. They have no application to the valuation of decedent's interest in the estate of another person. What was a vested remainder in the estate of Sarah H. Willard has become, through the death of the life tenant, Harriet Willard, a simple asset in the estate of decedent. The rule covering its valuation for the purposes of the transfer tax is found in the general rule set forth in section 220 of the Tax Law which provides that the tax shall be imposed upon the " clear market value." That value is to be determined as of the date of

decedent's death, which is the date of the accrual of the tax.   (*Matter of Penfold*, 216 N. Y. 163.)

When the value of the asset cannot be fixed with reasonable accuracy at the time of the appraisal, the value when ascertained is subject to such adjustment as to make it applicable to the date of the decedent's death.   (*Matter of Hubbard*, 234 N. Y. 175, 180, 181.)

The spirit, if not the letter, of the latter decision will be followed and a fair adjustment worked out in the appraisal if the sum received by the executor of decedent be discounted at six per cent per annum for the period between its accrual and payment.

In view of the circumstances here disclosed, the penalty on the transfer tax will be remitted from ten per cent to six per cent from the date of the decedent's death to the date of payment, provided such payment be made within ten days from the entry of the order. Submit order in accordance with this decision.