In the Matter of the Estate of DANIEL LATHROP LAWTON, Deceased.

Surrogate's Court, Saratoga County, March 26, 1930.

*Lawrence B. McKelvey,* for the Equitable Trust Company of New York, executor.

*Morgan E. Welsh,* for the State Tax Commission.

Tuck, S. The will of Jane Lathrop Stanford, who died in 1905, a resident of the State of California, where her will was admitted to probate, among other things, directed her trustees:

" b. To pay over at regular intervals to my niece the said Jennie L. Lawton the full one-third of the net income from one million dollars, the one-half of said trust fund, for and during the term of her natural life and upon her death this trust shall cease and determine as to one-third of said one million dollars and the one-third of said million dollars shall belong to and be delivered to the child or children of said Jennie L. Lawton."

Daniel Lathrop Lawton died November 4, 1926, leaving a last will and testament which was duly admitted to probate in the Surrogate's Court of Saratoga county wherein he gave, devised and bequeathed all of his property and estate to his mother, Jeannie Lathrop Lawton. His estate consisted of the vested remainder created by the will of Jane Lathrop Stanford, together with certain other individual property of the deceased.

Jeannie Lathrop Lawton died January 25, 1927, and in her will made a disposition of her individual property and of the interest which she had under the will of Daniel Lathrop Lawton in the estate of Jane Lathrop Stanford. Mrs. Lawton in her will signs herself " Jeannie," while in the will of her aunt she is described as " Jennie."

Proceedings were duly had in the Surrogate's Court for the purpose of determining the value of the estate of the said Daniel Lathrop Lawton wherein it appears that the net value of the individual property of Daniel Lathrop Lawton, aside from his interest under the Stanford will, was $8,619.80, upon which a tax is fixed by the administrative order of the surrogate dated February 14, 1929, and the interest of the deceased in the Stanford estate is appraised at one-half of the total amount of the principal trust remaining in the hands of the trustees, or the sum of $318,975.04. From this order the executor appeals upon the following grounds:

1. That the imposition of any tax to Jeannie Lathrop Lawton, beneficiary, upon the sum of $318,975.04 is contrary to law and not in accord with the statutes in such case made and provided.

2. That the suspension of the tax until the death of said beneficiary and the imposition upon said death of a tax to her upon a greater amount than the value of a vested remainder in said sum as of the date of said decease, said value being computed by the use of the tables of mortality employed by the Superintendent of Insurance, is contrary to law and not in accord with the authority in such case made and provided.

3. That any statute or statutes relied upon by the Department

of Taxation and Finance assuming to tax the said beneficiary in any greater amount than the value of a vested remainder in said sum computed in the manner above described is unconstitutional in that they attempt to take private property without just compensation.

Section 220 (subd. 6) of the Tax Law (as amd. by Laws of 1928, chap. 330) provides: "The tax imposed hereby shall be upon the clear market value of such property at the rates hereinafter prescribed."

The 3d paragraph of section 230 of the Tax Law (as amd. by Laws of 1928, chap. 549), which provides for the proceedings by appraiser, reads as follows: "The value of every future or limited estate, income, interest or annuity for any life or lives in being shall be determined by the rule, method and standard of mortality and value employed by the superintendent of insurance in ascertaining the value of annuities for the determination of liabilities of life insurance companies, except that the rate of interest after making such computations shall be five percentum per annum."

Section 222 (as amd. by Laws of 1921, chap. 476) provides: "All taxes imposed by this article shall be due and payable at the time of the transfer, except as herein otherwise provided. Taxes upon the transfer of any estate, property or interest therein limited, conditioned, dependent or determinable upon the happening of any contingent or future event by reason of which the fair market value thereof cannot be ascertained at the time of the transfer as herein provided, shall accrue and become due and payable when the persons or corporations beneficially entitled thereto shall come into actual possession or enjoyment thereof," etc.

Under the provisions of the will of Jane Lathrop Stanford, the children of Jeannie Lathrop Lawton each became entitled to an equal undivided interest in the corpus of the trust fund in which Jeannie Lathrop Lawton had a life estate. Until the death of Jeannie Lathrop Lawton, it is impossible to determine what children she may have. For the purpose of construing statutes the courts appear to resort to a fiction in respect to the possibility of issue and particularly in construing statutes against perpetuities, both men and women are considered capable of having issue so long as they live.

It would seem, therefore, that we must regard it as possible up to the date of the death of Jeannie Lathrop Lawton that she might have a child or children and that the extent of the interest given to her in the will of her son, Daniel Lathrop Lawton, might, therefore, be considerably abridged.

The clear market value of the interest of Daniel Lathrop Lawton in the estate of Jane Lathrop Stanford, deceased, cannot, therefore,

be determined until the death of his mother, and upon her death without other children, which has happened, the clear market value of the transfer affected by his will can for the first time be determined.

The Tax Commission has submitted as authorities in support of its contentions: *Matter of Phipps* (77 Hun, 325; affd., on opinion below, 143 N. Y. 641); *Matter of Gihon* (169 id. 443, 447); *Matter of Hazard* (228 id. 26, 31); *Matter of Zefita* (167 id. 280, 283); *Matter of Clinch* (99 App. Div. 298; affd., 180 N. Y. 300); *Matter of Arbib* (N. Y. L. J. Feb. 15, 1924); *Matter of Thomas* (127 Misc. 8); *Matter of Meyn* (N. Y. L. J. Feb. 9, 1927; affd., 222 App. Div. 736); *Matter of Howard-Martin* (N. Y. L. J. June 3, 1927; affd., 222 App. Div. 736); *Matter of Hubbard* (234 N. Y. 175); *Matter of Huber* (86 App. Div. 458); *Matter of Wright* (214 N. Y. 714.)

And appellant has called the attention of the court to *Matter of White* (208 N. Y. 64); *Matter of Hubbard* (234 id. 175); *Matter of Sloane* (154 id. 109); *Matter of Penfold* (216 id. 163); *Matter of Wright* (214 id. 714); *Matter of Zborowski* (213 id. 109).

And the court has examined all of these cases and all cases cited on the parties' briefs, both as to the law and as to the facts and has followed the various amendments which have been made to the Tax Law included in the period covered by these cases, and there is reason to believe that there is some ground for the contention of the State Tax Commission that a distinction exists between a case where the interests sought to be taxed arise under the will of decedent whose estate is under consideration and a case where the interest sought to be taxed arises under the will of some other person.

The basic reason for suspending taxation, however, whether it be because the interest arises in the estate of the decedent or some other person, is dependent upon the fact of the uncertainty as to clear market value or impossibility of determination of clear market value and not the mere fact that the interest arises in the estate of a person other than the decedent whose estate is being taxed.

Our survey of the conclusions which the courts have reached in the cases cited leads us to the opinion that the imposition of the tax was suspended in this case until the death of Jeannie Lathrop Lawton.

The State Tax Commission agrees that the imposition of the tax was suspended but insists that upon the death of Jeannie Lathrop Lawton the whole amount of the fund thus transferred under the will of Daniel Lathrop Lawton is taxable. With this we cannot agree. The authorities of this State are unanimous in holding that the value of the transfer shall be determined as of the date of death of the transferor. (*Matter of Sloane,* 154 N. Y. 109.)

It is the theory of the court that the imposition of the tax herein was suspended merely for the purpose of determining what the amount and value of the transfer by Daniel Lathrop Lawton might be, and that when the amount and value is ascertained then we are remitted to the date of his death and in consideration of the circumstances then existing we must ascertain the value of this transfer.

Upon this theory then we have come to determine that the value of the interest of Daniel Lathrop Lawton in the estate of Jane Lathrop Stanford, which he transferred to his mother, was the sum of $318,975.04, and that this estate was then subject to the life estate of his mother. The life estate of Jeannie Lathrop Lawton determined in the manner provided by section 230 of the Tax Law must be deducted from the above-mentioned sum and upon the remainder the tax should be imposed, due and payable from and after the date of death of Jeannie Lathrop Lawton. (*Matter of Zborowski*, 213 N. Y. 109.)

The proceeding is remitted to the appraiser with direction to correct the appraisal as hereinbefore indicated and submit his order accordingly.