In the Matter of the Transfer Tax upon the Estate of DANIEL LATHROP LAWTON, Deceased.

DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Appellant; EQUITABLE TRUST COMPANY OF NEW YORK, Administrator, etc., of DANIEL LATHROP LAWTON, Deceased, Respondent.*

Third Department, January 14, 1931.

* Affg. 136 Misc. 318.

*Morgan E. Welsh* [*Seth T. Cole* of counsel], for the appellant.

*Lawrence B. McKelvey* [*Brenton Taylor* of counsel], for the respondent.

WHITMYER, J. Daniel L. Lawton, late of Saratoga Springs, N. Y., died on November 4, 1926, leaving a last will and testament, whereby he gave, devised and bequeathed all of his property, both real and personal, to his mother, Jeannie Lathrop Lawton, if she survived him, otherwise in trust on certain trusts.

She survived him a little more than two months.

He left a small amount of property of his own, about which there is no dispute, and had a vested remainder in a trust fund, which is the subject of the controversy.

His mother had the net income of the said vested remainder for her life, and the principal was to go to her child or children at her death.

He was her only child, and she was sixty-seven years of age when he died.

So that, at the time of his death, he had that vested remainder, subject to her life estate therein and subject to the legal possibility that it might be reopened to let in afterborn children, notwithstanding she was past the child-bearing age.

She died on January 25, 1927, ending that possibility. The tax on the remainder was not fixed until after her death.

In fixing it, the surrogate deducted the value of her life estate, computed under section 230 of the Tax Law (as amd. by Laws of 1925, chap. 144), relating to the determination of the value of future and limited estates, from the value of the remainder, on the theory that its value was not accurately ascertainable at the time of his death, because of the legal possibility that there might be afterborn children.

On the other hand, the claim is that the actual time she survived should have been the basis of the computation, for the reason that section 230 of the Tax Law does not apply to a remainder in the estate of one who dies leaving a vested remainder, but applies only to a remainder in the estate of the creator thereof.

There are decisions, all by one surrogate, to that effect. (*Matter of Thomas*, 127 Misc. 8; *Matter of Meyn*, N. Y. L. J. Feb. 9, 1927; 222 App. Div. 736; *Matter of Howard-Martin*, N. Y. L. J. June 3, 1927; 222 App. Div. 736.)

The date of the testator's death was the date of the transfer and the tax became and was due and payable at that time, except for the fact that it was impossible to accurately determine the

value of the remainder because of the legal possibility that it might be reopened to let in afterborn children. (Tax Law, § 220, as amd. by Laws of 1926, chap. 357 ██ § 222, as amd. by Laws of 1921, chap. 476.) That possibility necessitated the postponement of the assessment and payment of the tax until it was removed by the mother's death, notwithstanding she was actually beyond the child-bearing age. And, when it was removed, the value of the remainder was ascertainable with certainty, under the method prescribed by section 230 of the Tax Law. The section prescribes the method for the determination of the value of every future and limited estate, without any exceptions. It applies as well to a remainder of this kind as to one given under the original estate. And there is nothing to indicate that there was an intention to make any distinction. The purpose was to remove uncertainty and to secure uniformity. (*Matter of White*, 208 N. Y. 64, 67, 68.)

The tax was not fixed until after the mother's death, and it may be inconsistent to say that she had an expectancy, when she was actually dead.

But the section prescribes the only method for determining the value of a future and contingent estate, and we think that we are required to follow it, and may not apply what may seem to be a more equitable rule, until the Legislature so prescribes.

So that the order should be affirmed.

All concur.

Order affirmed, with costs.