In the Matter of the Transfer Tax upon the Estate of MARY ALICE KELLOGG, Deceased.

Surrogate's Court, Rensselaer County, April 2, 1931.

*James Farrell* for Grace Kellogg Pine, appellant.

*Thomas F. Phelan* [*Seth T. Cole* of counsel], for State Tax Commission, respondent.

WAGER, S. The decedent died on May 22, 1929, leaving a last will and testament of which the appellant is sole executrix. The value of the net estate of the decedent for taxable purposes was determined to be $86,939.22. The will of the decedent contains the following provisions:

" *First.* I give, devise and bequeath all of my estate, both real and personal, to my daughter Grace Kellogg Pine, for and during the term of her natural life, giving and granting unto her the right to use and dispose of the same as she may see fit, during her said life.

" *Second.* I give, devise and bequeath so much of my estate, both real and personal, as may remain undisposed of at the time of the death of my said daughter, to my grandchildren, Ruth Pine Furniss and James Pine, equally, share and share alike. In case of the death of Ruth Pine Furniss prior to the decease of her mother, Grace Kellogg Pine, the share which she would have received under this will, if living, shall go to her surviving children, equally, share and share alike."

The life estate of the daughter, Grace Kellogg Pine, was valued at $37,621.11, which was subject to an exemption of $5,000. In addition to the assessment against the life estate, the full undiminished value of the property transferred, viz., $86,939.22, was assessed against the executrix for the benefit of a person in the one per cent class of taxation.

The appellant claims that this was error because under the will of the decedent the daughter took a greater estate than a life estate, and that the fair and just method of taxation would be to levy a tax against the daughter, Grace Kellogg Pine, for the full net value of the estate, and that by computing it in this manner the State would tax and receive all that it would be entitled to in any event.

The difficulty of appellant's position is that the law requires that a tax be levied against the persons receiving the transfer as of the date of the death of the testator or intestate.

On the date of the death of Mrs. Kellogg there was transferred to the appellant in this matter a life estate to the daughter and a contingent remainder to the grandchildren. It is true that Mrs. Pine, the daughter, could in her lifetime dispose of the whole estate, but at the time the law requires the tax to be fixed she had not disposed of any of the estate. The tax is levied against the individual and not against the estate. It was, therefore, proper for an order to be made fixing the value of Mrs. Pine's interest as of the date of the death of the testatrix, and fixing the value of the contingent remainder interest as of the same date. It has been held that the courts have no authority to deviate from this rule.

(*Matter of Zborowski*, 213 N. Y. 109; *Matter of Lawton*, 231 App. Div. 406.)

The reason for this rule has been clearly defined by Judge CARDOZO (*Matter of Parker*, 226 N. Y. 260).

The *pro forma* taxing order should be affirmed and an order may be entered accordingly.