In the Matter of the Estate of HOWARD McCADDIN, Deceased.

Surrogate's Court, New York County, June 13, 1933.

*Appel & Tannenbaum*, for the petitioner.

*Jacob Manicoff*, for the State Tax Commission.

DELEHANTY, S.   Testator died August 30, 1930.   In due course his estate was valued as of the date of death, and after deducting funeral and administration expenses and other proper items, a net valuation of $294,876.44 was ascertained.   This valuation is not in dispute.

By clause third of his will testator directed that there be established à trust of $200,000 for beneficiaries therein named.   By clause ninth of his will certain legacies were provided for persons therein named, and by clause tenth of the will the legacies so provided in clause ninth are to be payable only in the event the estate is sufficient to establish the trust referred to.

The executor asserts that the trust provided for by clause third of the will was in fact established on February 10, 1933, as of which date the executor asserts the value of the estate amounted to $161,661.48 only.   The executor asserts, therefore, that nothing is payable on the legacies provided for in paragraph ninth, and he appeals from the *pro forma* order entered on the appraiser's report fixing a transfer tax upon such legacies.   The executor's position is that there have been no transfers to the legatees, and hence that no tax may be imposed in respect of such abortive legacies.

The power of the State to determine on what conditions the right of succession may be enjoyed needs no further comment.   It has been discussed in many cases.   The Tax Law has fixed the date of death as the date in respect of which valuations are to be had for the purpose of the administration of the Tax Law.   As of that date sufficient assets existed in the estate to pay the legacies in question. The tax imposed by law as of that date is not affected by any subsequent increase  or decrease in the value of the estate.   (*Matter of Hazard*, 228 N. Y. 26; *Matter of Penfold*, 216 id. 163; *Matter of White*, 208 id. 64; *Matter of Vassar*, 127 id. 1.)   The appeal is dismissed.

Submit order on notice accordingly.