In the Matter of the Estate of JOSEPHINE F. MALONE, Deceased.

Surrogate's Court, Kings County, March 30, 1950.

*Raymond Malone,* as executor of Josephine F. Malone, deceased, petitioner in person.

*Fred M. Ahern, Albert Dorf* and *Leon Shaw* for State Tax Commission.

McGAREY, S. The executor seeks in effect an order vacating the order fixing the transfer tax against the estate and resubmission of the matter to the appraiser to determine the actual net value of the estate, and the tax, if any, that may be imposed. The testatrix died October 22, 1920, and her will was duly admitted to probate November 29, 1921. The petition for letters alleged that the value of real property was less than $10,000, and the personal property $25,000. The executor having failed to submit to the appraiser schedules of the assets and claimed deductions against the gross estate, a *pro forma* order assessing tax at $1,850 was entered herein on October 24, 1936, based on the transfer tax appraiser's report on the value of the assets as set forth in the petition for probate after a hearing held July 5, 1933, on due notice to all parties to this proceeding. The tax has not been paid; no appeal has been taken from the order assessing the transfer tax and more than two years have elapsed from the date of the order. The present motion was made more than twelve years after the date of such order. " The respondent having been duly served with the notice of the hearing before the appraiser and having failed to appear in response thereto, the appraiser had jurisdiction of the proceeding, and upon the record then before him could not do other than determine the tax payable * * *." (*Matter of Townsend,* 215 N. Y. 442, 445–446.) Thereupon, it was incumbent that " any person dissatisfied with the appraisement or assessment and determination of tax may appeal therefrom to the Surrogate within sixty days * * *." (Tax Law, § 232.) Although this court has power under subdivision 6 of section 20 of the Surrogate's Court Act to modify the tax after the time to appeal has expired on newly discovered evidence, for fraud, or where a clerical error or mistake of fact occurs (*Matter of Coogan,* 27 Misc. 563;

*People ex rel. Coogan* v. *Morgan,* 45 App. Div. 628, affd. 162 N. Y. 613; *Matter of Scrimgeour,* 39 Misc. 128, affd., 80 App. Div. 388; *Matter of Erdmann,* 172 Misc. 806; *Matter of Chisholm,* 177 Misc. 423, affd. 264 App. Div. 793, affd. 290 N. Y. 842), the petition in support of the motion, fails to allege fraud, newly discovered evidence or clerical error. In addition, the lapse of time bars the consideration of this petition (*Matter of Hoople,* 179 N. Y. 308; *Matter of Furey* v. *Graves,* 148 Misc. 785, affd. 241 App. Div. 897, affd. 266 N. Y. 415). The motion must, therefore, be denied.

Submit order, on notice, accordingly.