In the Matter of the Estate of HENRY HASLER, Deceased.

Surrogate's Court, Kings County, August 2, 1954.

*Joseph F. McCloy* for City Bank Farmers Trust Company, as trustee under the will of Henry Hasler, deceased, movant.

*Albert Dorf* and *Leon Shaw* for State Tax Commission, opposed.

RUBENSTEIN, S.   This is a motion to modify an order fixing tax made on February 19, 1921, so as to eliminate the temporary assessments against the executors at the highest and the lowest possible rates.

The testator died on December 19, 1919, leaving a will in which by paragraph " Eighth ", 60% of his residuary estate was left in trust to pay the income therefrom to his daughter, Francese C. H. Lyon, during her life and upon her death to pay the income to his granddaughter, Helen Lyon Powell, during her life and upon the granddaughter's death the principal was to be paid to her issue in equal shares per stirpes.  By paragraph " Ninth " 40% of the residuary estate was left in trust to pay the net income therefrom to his granddaughter, Helen Lyon Powell, during her life and upon her death to divide the same into as many shares as said granddaughter shall leave children born during testator's lifetime and to pay the income from one of such shares to each great-grandchild during his or her life,

and upon death of said beneficiary to pay over the principal to his or her issue; and if such beneficiary leave no issue then to the next of kin of the beneficiary per stirpes. The will contained other provisions which are of no relevance on this motion.

On March 8, 1920, an order was made herein designating an appraiser who filed his report on July 1, 1921, in which report there were evaluated the interests of the daughter, granddaughter and remainders of two great-grandchildren and strangers.

On February 19, 1921, an order was made fixing the taxes on the clear market value of the interests of the beneficiaries as found in the appraiser's report and included a final tax on remainder interests against testator's great-grandchildren. The order also contained a provision pursuant to section 230 of the Tax Law, assessing a temporary tax at the highest possible rate against the remainders, which might pass to persons in the 5% class. No appeal was taken from such order, and the tax assessed was fully paid. The remainders not having vested, no application has been made for final orders fixing the tax (Tax Law, §§ 230, 241) nor has there been an application made for composition pursuant to section 233 of the Tax Law. The time to appeal has long since expired (Tax Law, § 232) and the error of law upon which that order was based cannot affect its finality (*People ex rel. Int. Salt Co.* v. *Graves,* 267 N. Y. 149, 154; *Matter of Lowry,* 89 App. Div. 226). The error is not subject to correction for the causes assigned by subdivision 6 of section 20 of the Surrogate's Court Act. In *Matter of Malone* (198 Misc. 279), this court barred consideration of a petition for resubmission of the matter for reappraisal to determine the actual net value of an estate after twelve years elapsed. No greater consideration may be shown in this instance after thirty-three years have elapsed (*Matter of Hoople,* 179 N. Y. 308; *Matter of Furey* v. *Graves,* 148 Misc. 785, affd. 241 App. Div. 897, affd. 266 N. Y. 415).

Since the tax upon the interest in the remainder was subject to a contingency, a modification of the temporary order may be had on the occurrence of the contingency (*Matter of Susser,* 151 Misc. 784; *Matter of Lawton,* 136 Misc. 318, affd. 231 App. Div. 406) or after composition in the manner provided by section 233 of the Tax Law.

This motion is denied. Submit order, on notice, accordingly.