## *In re* SWIFT'S ESTATE.

*(Supreme Court, General Term, First Department.   June 3, 1892.)*

1. COLLATERAL LEGACY TAX—REALTY IN ANOTHER STATE—EQUITABLE CONVERSION.
   Since a succession tax is not a tax on property, but on the privilege of succeeding to the inheritance, the fundamental test of the right to impose the tax is to ascertain the sovereign power through whose favor the property is permitted to pass; and hence the collateral legacy tax provided for by Laws 1887, c. 713, cannot be imposed on real estate situated without the state, though testator's will directs its conversion into personalty, and though the proceeds are brought within the state for distribution.

2. SAME—PERSONALTY IN ANOTHER STATE.
   Neither is personalty having its *situs* without the state subject to the collateral legacy tax, though remitted to this state, where testator resided, for distribution, since the state within whose limits it is located has entire dominion over it, and the imposition of the tax by this state might subject it to double taxation.

3. SAME—VALUE OF LEGACIES SUBJECT TO TAX.

    · A provision in a will directing that all legacies and devises shall be free of any succession tax, and that such tax shall be paid out of the residuary estate, as part of the expenses of administration, does not justify the deduction of the amount of the tax from either the specific or residuary legacies in ascertaining the value of such legacies subject to the tax.

4. SAME.

    Where a will bequeaths paintings, pictures, and plate to various persons, only a part of whom are subject to the collateral legacy tax, it is error to subject the aggregate value of all such property to the tax, since the portions bequeathed to persons exempt by reason of their relationship to testator, and by reason of their receiving beneficial interests less than $500, under all the provisions of the will, are not taxable.

    16 N. Y. Supp. 193, affirmed, without opinion.

Appeal from surrogate's court, New York county.

Proceedings to assess the valuation of property of the estate of James T. Swift, deceased, subject to taxation under the collateral inheritance tax act. From a decree of the surrogate affirming an order assessing the tax, the people of the state, Theodore W. Myers, as comptroller of the city of New York, and Edward M. Shepard, Edwin R. Dillingham, and Alexander J. Swift, as executors of deceased, appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.·

*S. W. Rosendale,* Atty. Gen., for the People.    *N. S. Spencer,* for executors.

VAN BRUNT, P. J.    We think the order appealed from should be affirmed upon the opinion of the learned surrogate.   16 N. Y. Supp. 193.

    All concur.