Ransom, S.
—The first exception to the report of the appraiser herein is that, in appraising the value of the estate of the residuary legatees, he has included certain real estate, of which testator died seized, situated in the state of Hew Jersey. The appraiser included the proceeds of this real property apparently for the reason that the provisions of the will operated as an equitable conversion thereof for the purpose of paying legacies and making distribution, which conversion had actually taken place; and the proceeds are now in this jurisdiction for the pur- pose of distribution under the terms of the will. Ho brief has been filed by the comptroller to sustain the report, though on the oral argument he relied for its confirmation upon Miller v. The Commonwealth, 111 Penn., 321. In that case, a testator, domiciled in the commonwealth of Pennsylvania, devised land situated *48 without the state, which was to he sold to pay pecuniary legacies. It was held that the legacy would pass to the legatee as money and subject to the law of the testator’s domicile, and, hence would be subject to the collateral inheritance tax.
In Drayton's Appeal, 61 Penn., 172, a testator in Pennsylvania gave his residuary estate to collaterals and authorized the executors in their “ discretion to sell, on such terms as to them shall seem expedient, all real estate.” He owned real estate in Minnesota which his executors sold and deposited the proceeds in Pennsylvania in their general account as executors, with money arising from the personalty; drew on the whole fund for the purposes of the estate, and charged the proceeds in their general account as executors. It was held that these proceeds were not liable to collateral inheritance tax.
The court does not consider or discuss in either of these cases its right to apply the doctrine of equitable conversion to real property “situated without the state, for the purpose of levying a collateral legacy tax upon the proceeds thereof brought within its jurisdiction for distribution. Those cases, therefore, cannot be regarded as authority upon the fundamental principle which must-be determined in this proceeding.
“A succession tax is not a tax on property, but on the privilege of succeeding to the inheritance. It is not a direct tax upon the land taken by descent, but is an impost, upon the devolution of the estate and the right to become beneficially entitled thereto, or to the income thereof.” Cooley on Taxation, 2d ed., p. 30, and cases cited; Matter of MacPherson, 104 N. Y., 306; 5 St. Rep., 680.
Upon the death of a person leaving property within this state, that property, whether real or personal, reverts to the state. Prior to the passage of the. act taxing collateral inheritances, the state permitted the owner to dispose of the same by will upon complying with certain' statutory requirements, and in case of his omission to do so, directed the manner in which it should be distributed. The state imposed no burden or other condition upon the exercise of this privilege until the passage of this act. It seems to me, therefore, that the fundamental test of the right to tax the1 devolution of property, either by will or in case of intestacy, is to ascertain the sovereign power through whose favor the property is permitted to pass. The power to tax this privilege is commensurate with its dominion over the property. It is plain that with reference to extra territorial real estate this state could confer no privilege governing the devolution of the title thereto, and consequently, if the test suggested above is a true one, it could impose no conditions upon its exercise.
“ Everything- to which the legislative power extends may be the subject of taxation, whether it be person, or property, or possession, franchise or privilege, or occupation, or right * * And not only is the power unlimited in its reach as to subjects, but in its very nature it acknowledges no limits, and may be carried to any extent which the government may find expedient.’’ Cooley on Taxation, 2d ed., p. 5.
*49 “ The taxing power of a state is coextensive with its sovereignty,, ,,and whatever objects of government are within its reach are subject to it and may be made the basis of levies. It is commonly said that taxation and protection are .reciprocal, and this, if rightly understood, is correct, though some subjects receive the protection of the government which are not taxable, and some may be taxed though not protected.” Cooley on Taxation, 2d ed., p. 19.
“ A state can no more subject to its power a single person or a single article of property whose residence or legal situs is in another state, than it can subject all the citizens or all the property of such other state to its power.” Cooley on Taxation, .2d ed.,. p. 159.
The test suggested above furnishes a uniform and symmetrical method of determining the extent to which the beneficial interests conferred by will or by intestate laws are measured for the purpose of taxation under the act. In applying this test, no convenient fictions of law, which are resorted to by courts of equity for the purposes of justice, should be recognized. The law will then deal only°with actualities. I doubt if the doctrine of equitable conversion would have been invoked by the comptroller if. the mischievous result to the state were foreseen which the application of this principle would have accomplished. Thus, under the act as amended in 1891, direct relatives of a decedent leaving personalty in excess of $10,000 are made subject to the tax, while they are exempt if- the interest passing is realty. If, as contended on behalf of the state, the doctrine of equitáble conversion may be successfully invoked in taxing interests under this act, a testator with a vast estate consisting almost exclusively of personalty, having in view the exemption where the beneficial interest passing is realty, could bequeath personalty to any amount to direct relatives, having previously, by an appropriate direction in the will, worked an equitable conversion of the personalty into real estate. In this manner, the chief object the legislature had in view in passing the act, viz., compelling personal property to-pay its just proportion of taxation, would be defeated. It has also-been suggested by the learned counsel for the executors (to whose-able brief and exhaustive inquiry I have been greatly indebted in considering this problem), that a testator might direct his personal property within the state of Hew York to be converted into-real estate in New Jersey, and -as such devise it; and he propounds the query : “ Would the state of New York be then willing to admit that the gift was real property out of its jurisdiction and not taxable?”
To support the application of the doctrine of equitable conversion in determining the extent of liability to this tax, it must be held to have been the intention of the legislature to permit a testator to determine for himself whether the devolution of title should be subject or exempt. .
The second exception relates to the taxability of personal property located without the State, and which is remitted to this jurisdiction for distribution. It presents a question which at first oc *50 casioned some difficulty. But, on reflection, I see no good reason why the test suggested with reference to real property will not apply equally to personalty.
“ A nation within whose territory any personal property is actually situated has as entire dominion over it while therein, in point ■of sovereignty and jurisdiction, as it has over immovable property situated there.” Story on Conflict of Laws, § 550.
The chief argument of the counsel for the executors in maintaining that such property is not liable to the succession tax is the maxim in the law of taxation, that protection and taxation must be reciprocal, and that under such circumstances personal property may be compelled to pay a double tax on its devolution; and he cites the language of the court of appeals in the Miston case to show that an influential consideration with the court in deciding the case was the reluctance to construe a tax law so as to impose a double burden. In Cooley on Taxation numerous cases are cited which show that while double taxation will not be presumed, it is still within the power of the state to pass such a law, and it is no objection to its validity that such a result is accomplished.
It will be seen that the test suggested has its foundation in the law of escheat Take the case of a resident of this state dying intestate, without heirs at law or next of kin, and owning real and personal estate situated in New Jersey. It would not for a moment be contended that the real property, under those circumstances, would escheat to any other sovereignty than the state of New Jersey. The law of escheat, with reference to real estate, is identical with that as to personalty, and it can hardly be questioned but that the personal estate under those circumstances would follow the same rule. Johnston v. Spicer, 107 N. Y., 185-196; 11 St. Rep., 486. That state has dominion over the property, and in the exercise of that dominion, and pursuing the comity of nations, permits the transmission of personal assets to the jurisdiction of domicil for the purpose of distribution; but even in this case it exerts its dominion so far as may be necessary for the protection of the interests of its own citizens, as, for instance, creditors, by retaining sufficient assets to meet their claims.
Another argument in favor of this contention is that by adopting this rule we avoid-inconsistency in the tax law and oppression by the taxing power. The court of appeals have decided in the Romaine case, 38 St. Rep., 76, that the personal property of a nonresident decedent which has its situs in this state is subject to the tax.
“ In a well adjusted system of taxation, a fundamental requisite is that it be harmonious. But harmony does not exist unless the taxing power is exerted with reference exclusively either to the •situs of the property or to the residence of the owner. Both rules, cannot obtain unless we impute inconsistency to the law and oppression to the taxing power. Whichever of these rules is the true one, whichever we find to be founded in justice and in the reason of the thing, it necessarily excludes the other; because we ■ought to suppose, indeed, we are bound to assume, that other states and governments have adopted the same rule. If then, pro *51 ceeding on the true principles of taxation, we subject to its burdens all goods and chattels actually within oúr jurisdiction, without regard to the owner’s domicil, it must be understood that the same rule prevails everywhere. If we also proceed on the opposite rule and impose the tax on account of the domicil, without regard to the actual situs, while the same property is taxed in another sovereignty by reason of its situs there, we necessarily subject the citizen to a double burden of taxation. For this no. sound reason can be given.” Hoyt v. The Commissioners of Taxes, 23 N. Y., 228.
The third exception to the report is that, in determining the valueeof the residuary estate, the appraiser erred in failing to deduct the amount of the tax to be assessed against that interest as. an expense of administration. . The ninth clause of the will is as-follows:
“ I direct that all legacies and devises herein made shall be free of any succession or other tax, and that any and every such tax thereon shall be paid by my executors as part of the expense of administering my estate."
In ascertaining the value of the residuary estate for the purpose of taxation, the appraiser has deducted the amount of tax on other legacies given by the will. It is claimed that he should have also deducted the amount of the tax to be paid on the residuary estate from its gross value. I fancy it will not be contended that a testator can, by a provision in his will charging the payment of the legacy tax upon the residue or any other designated fund, deprive the state of any revenue which it would otherwise receive. To illustrate: Suppose a testator bequeath to A. $500, to B. 500, and the balance of his estate, amounting to $4,000, to C., all the legatees being collateral. In that event the state would be entitled to receive a sum of money equivalent to. five per cent, of $5,000, viz.: $250. By charging the payment of the tax due upon the first two legacies upon the residue, he cannot reduce the sum which the state would otherwise derive.
To put the case in a different and perhaps stronger light: Suppose there is no residue, but the will directs the payment of the tax out of the same. The law- must be construed, if possible, so as to provide for every possible .case, and it will be seen that by applying the rule which would have to be applied in the case last presented, the true method of assessing the tax upon estates bequeathed in this manner is ascertained. The direction that the tax shall be paid out of the residue is no concern either of the state or the appraiser. He should report the legacies taxable, as if no such provision were contained in the will. In the case at bar, the report of the appraiser is incorrect so far as he has deducted from the value of the residue the taxes which must be paid out of that fund. He was correct in refusing to deduct from the residue, in ascertaining its value for the purpose of taxation, the sum of money which would be payable by the legatees.
The fourth exception: By the fourth clause of his will, the testator gave to his executor “such paintings, pictures, plateorother, personal articles as may be specified by me in a note or memoran *52 dum which I may leave, either of this or a subsequent date "*■ * * upon trust, to dispose of the same in such manner as I .shall by such note or memorandum direct or request” . But three ■of the persons designated in the memorandum referred to receive taxable benefits. The appraiser has reported the aggregate value ■of the property thus bequeathed as subject In this he is in error. To the extent that this aggregate valuation represents property bequeathed to persons exempt by reason of their rela"tionship to deceased, or by reason of their receiving under all the provisions of the will beneficial interests less than $500 in value, it is not taxable. The value of the benefit received under this provision of the will by unexempted persons who receive benefits under other provisions of the will must be taken into account in ■assessing the tax.
S. W. Rosendale, for the People, app’lts; N. S. Spencer, for the executors, app’lts.
The matter must be remitted to the appraiser to report anew in accordance with this decision.
_ On the coming in of the report in conformity with such deci•sion, the order in question was made.
Van Brunt, P. J.
—We think the order appealed from should be affirmed upon the opinion of the learned surrogate.
O’Brien and Barrett, JJ., concur.