GERRIT S. MILLER v. EDWARD I. EDWARDS, COMPTROLLER OF THE TREASURY OF THE STATE OF NEW JERSEY.

Submitted December 4, 1913—Decided February 24, 1914.

1. A non-resident testatrix died owning stocks in New Jersey corporations, and by her will devised the residue of her estate, after making certain bequests to persons not in the class exempted from payment of a collateral inheritance transfer tax, to her son and daughter in equal shares. Her executor applied to have the transfer tax ascertained and assessed, which was done, and the tax subsequently paid. Before the transfer was in due form allowed by the comptroller, the daughter died, leaving a last will and testament bequeathing her estate to persons not entitled to a transfer of such stocks without payment of tax, and thereupon the comptroller refused to consent to the transfer. *Held,* that the executor of the deceased owner was entitled to transfer upon payment of the transfer tax assessed on his application, and that the estate of the daughter was not liable to a further transfer tax.

2. The payment under protest of such illegal tax by the executor of the mother does not estop him to review the legality of such tax by *certiorari*.

On *certiorari*.

Before Justices SWAYZE and BERGEN.

For the prosecutor, *John M. Dickinson*.

For the defendant, *Theodore Backes* and *Edmund Wilson*, attorney-general.

The opinion of the court was delivered by

BERGEN, J.     Elizabeth S. Miller, who was a resident of the State of New York at the time of her death, left a last will and testament in which she bequeathed the residue of her estate to her two children in equal parts.    At the time of her death she was the owner of stocks in several New Jersey corporations which, because of certain bequests contained in her will to persons not within the exemption clause of our act relating to transfer taxes, were subject to the imposition of a tax upon their transfer as provided by "An act to tax the transfer of property, of resident and non-resident decedents, by devise, bequest, descent, distribution by statute, gift, deed, grant, bargain and sale, in certain cases," approved April 20th, 1909.    *Pamph. L., p.* 325.

The executor of Mrs. Miller's will applied to the comptroller of this state to have such tax assessed, which was done and the tax paid.    Before the transfer was actually made, or consented to by the comptroller, one of the children of Mrs. Miller, Anna F. Miller, died leaving a last will and testament, which was duly proved in the State of New York, where she resided at the time of her death, in which she bequeathed her estate to persons not within the class exempted from the transfer tax, and the comptroller refusing to allow transfer, unless an additional tax, such as should be imposed if the stock was standing in the name of Anna F. Miller at the time of her death, or was then held in trust for her, was first assessed and paid.    The executor of the will of Elizabeth

S. Miller, being anxious to settle that estate, paid the second assessment, whereupon the comptroller consented to the transfer of the stock standing in the name of Elizabeth to her estate. The executor of Elizabeth applied for and was allowed a writ of *certiorari* to set aside the tax, the legality of which is the question presented for determination.

The attorney-general admits that if Anna F. Miller were living the transfer tax now in question could not lawfully have been exacted, but claims on behalf of the comptroller that because of the death of Anna before the transfer was actually made, her estate became the owner of, or had such an interest in the stocks, as to entitle the state to subject the transfer to the additional tax now disputed. We do not perceive how the death of Anna changed the right of the executor of Elizabeth to reduce the stocks to possession and convert them into money for the purpose of distribution under the will of his testatrix.

Neither Anna, the daughter and legatee, or her estate, had any interest in the stocks or reason to transfer them; all that her estate was entitled to was the share of Anna in the proceeds after the executor of Elizabeth had converted them into money, and we are unable to conceive of any theory which vests the title of the stocks in Anna or her estate or to require either to transfer the stocks, which did not stand in her name and in which she had no interest as such, her interest being confined to such share of the proceeds as passed to her under her mother's will.

We are of opinion that the tax was improperly exacted, as no transfer by or to her estate was required, as it was the duty of the executor of her mother, Elizabeth S. Miller, to dispose of the stocks in order to settle the estate of his testatrix, and when the assessment was made against him as such executor and he paid the tax, the right to transfer was vested in him without any aid from, or interference by, the representative of the estate of one of the legatees of his testatrix, and therefore the transfer tax under review should be set aside.

Neither have we any doubt of the right of the prosecutor to contest by *certiorari* the legality of this assessment, and to

have it set aside, although the tax assessed was paid under protest. Such an assessment is analogous to a judgment, and when set aside the prosecutor is restored as near as may be to his original position. This is not a proceeding to recover a voluntary payment of taxes, but to set aside a judgment which required the prosecutor to pay, and his submission to such judgment does not take from him the right to assail its legality. If the judgment be set aside, common honesty demands that he be restored that which was unlawfully exacted under a judgment which had no legal foundation. *Mayor of Jersey City* v. *Riker,* 9 *Vroom* 225; *Elizabeth* v. *Hill,* 10 *Id.* 555.

The assessment under review should be set aside, and it is so ordered.