EDMUND PENFOLD, ONE OF THE EXECUTORS OF THE LAST WILL AND TESTAMENT OF WILLIAM HALL PENFOLD, DECEASED, PROSECUTOR, v. EDWARD I. EDWARDS, COMPTROLLER OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted March 18, 1915—Decided July 22, 1915.

A non-resident testatrix died owning stock in New Jersey corporations, and by her will, probated in the State of New York, after making certain bequests to persons not exempt from payment of an inheritance tax under the New Jersey statute, devised the residue of her estate to her brother, and upon which shares of stock a tax was assessed by the comptroller of New Jersey, which was paid by her executor. Before the time within which the laws of New York permitted her executor to pay legacies or complete the settlement of her estate, the residuary legatee, also a non-resident of New Jersey, died, leaving a will which contained bequests to persons not exempt from an inheritance tax under the New Jersey statute, and subsequently the executor of the first mentioned testatrix made certain payments to the execu-

tors of the residuary legatee in partial satisfaction of the residuary bequest, among them being certain stocks of New Jersey corporations, which were transferred to and accepted by the executors as cash, upon which the comptroller assessed a tax. *Held,* following the ruling in *Miller* v. *Edwards,* 85 *N. J. L.* 517, that the tax was unlawfully assessed. and—*Held, further,* that it was immaterial whether the stocks were sold and the proceeds paid to the executors of the residuary legatee, or whether they were actually transferred to such executors, such transfer being in contemplation of law a payment in cash.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Lindabury, Depue & Faulks.*

For the defendant, *John W. Wescott,* attorney-general.

The opinion of the court was delivered by

KALISCH, J.    The prosecutor, by writ of *certiorari,* brings up for review a tax assessed by the comptroller of the State of New Jersey against the estate of William Hall Penfold, deceased, under the Collateral Inheritance Tax act. The prosecutor's claim is that the estate is not subject to the tax imposed. The facts are briefly these: Josephine Penfold died April 3d, 1912, a resident of the State of New York, leaving a will, which was probated in that state, and which contained bequests to persons not exempt under the New Jersey Inheritance Tax act, and in which her brother, William H. Penfold, was named as residuary legatee. At the time of the testatrix's death she was the owner of four hundred and fourteen shares of the capital stock of New Jersey corporations, upon the transfer of which, by her will, a tax was assessed by the comptroller of New Jersey, which was paid by the executor. Before the time within which the laws of New York permitted her executor to pay any legacies or complete the settlement of her estate and before the payment of any legacies by her executor, William H. Penfold died, he being also a resident of the State of New York, leaving a will which was probated in the State

of New York, and which contained bequests to persons not exempt under the New Jersey Inheritance Tax act.

Eight months after William Penfold's death, the executor of Josephine Penfold made certain payments to William H. Penfold's executors in partial satisfaction of the residuary bequest to William H. Penfold contained in Josephine Penfold's will.

Those payments were made by the executors of Josephine Penfold by delivering to William Penfold's executors certain securities which the executors accepted as cash. Among these securities were the stocks of certain New Jersey corporations. In computing the tax to be assessed the comptroller treated the certificates of stock of the New Jersey corporations as property of William H. Penfold, transferred by his last will. In this the comptroller erred. The property subject to the inheritance tax is that passing by the will. None passed by William H. Penfold's will. But whatever did pass, was by virtue of Josephine's will, and the only property that passed by her will to William was a share of the residue, which was, of course, payable in cash. As has already been pointed out, the tax had been assessed against Josephine's estate and was paid by her executors. It is obvious that the executors of William Penfold's estate could have insisted upon receiving cash from Josephine's executors, and by accepting the securities it was, substantially in legal contemplation, a payment in cash to them and a reinvestment by them, or purchase of the securities.

To go a step farther and assume that William's executors received cash from Josephine's executors for William's distributive share, for that was all to which William was entitled, and then invested it in New Jersey securities, it could not be properly denominated property of the testator passing by his last will and testament, at the time of his death.

In the situation, as it really is, William's executors might sell the stock or they might carry securities, in which they chose to invest, and such a transfer by them would be a transfer *inter vivos*. But thus far there is no transfer by them and there may never be.

The memorandum filed by the attorney-general concedes that the facts of the present case come within the ruling made in *Miller* v. *Edwards,* 85 *N. J. L.* 517, a case wherein the tax was set aside.

The only distinguishing feature between the two cases is, that in the Miller case the stocks were actually sold by the executor under the first will and the proceeds paid over in part settlement of the residuary bequest to the executor of the second will, while in the case under consideration, the stocks instead of being sold were actually transferred by the executor of the first will to the executor of the second will. But, as we have already observed, the transfer of the stock to pay the distributive share was in contemplation of law a payment in cash to the executors of William's estate.

Having reached the conclusion that the tax is unlawfully assessed against the prosecutor, we have not considered the other questions raised and argued in the brief of counsel for the prosecutor.

The tax will be set aside.