In the Matter of the Transfer Tax on the Estate of David N. Hanson, Deceased.

Surrogate's Court, New York County, July, 1922.

**Transfer tax — non-resident — profits credited to partner not taxable — intangible property — good will exempt — Tax Law, §§ 220(2, 4), 243.**

At the death in 1917 of a non-resident, a member of a partnership having a place of business in this state and in Chicago, there was standing to his credit upon the books of the firm a sum representing his share of profits not withdrawn and which neither affected his *pro rata* interest in the business nor furnished a basis for additional profits. *Held*, that said amount was not a taxable interest in a partnership under section 220(2) of the Tax Law, but was a credit which by force of section 243 of said statute, as in force at decedent's death, was " intangible property " and not subject to the transfer tax.

The addition to section 220(4) of the Tax Law by chapter 323 of the Laws of 1916 of the words " or capital invested in business in the state by a non-resident of the state, doing business in the state, either as principal or partner," fairly interpreted, is to limit the partnership interest, the transfer of which would be taxable, to capital invested, and necessarily good will was thereby exempted from taxation.

APPEAL from an order assessing a transfer tax.

*George M. Curtis, Jr. (Joseph Force Crater*, of counsel), for executors.

*Wm. W. Wingate*, for State Tax Commission.

FOLEY, S.   This appeal is taken by the state tax commission from the order assessing tax on the ground:

*First.* That the appraiser did not include among the taxable assets of the estate the sum of $94,928, which the tax commission contends represents a part of the capital of decedent in the copartnership of which he was a member.   *Second.* On the ground that the value of decedent's interest in the good will of the business was not included among the taxable assets.

Decedent died March 30, 1917, a resident of the state of Illinois. The firm of which he was a member had a place of business in this state, as well as in Chicago.   There was standing to his credit on the books of the firm the sum of nearly $95,000, representing his share of the profits of the copartnership which had not been withdrawn by him.   This amount in no way affected the *pro rata* interest of decedent in the business and furnished no basis for additional profits.   This credit was the individual property of decedent and was a debt due to him from the copartnership.   It was not an interest in a partnership business within the state as declared taxable by subdivision 2 of section 220 of the Tax Law. It was a credit which, by section 243 of the Tax Law, as in force at the date of decedent's death, is included in the classification of " intangible property " and not taxable in the estate of a non-resident decedent.   The appeal on this ground is, therefore, overruled.

It is provided by subdivision 4 of section 220 of the Tax Law, as amended by chapter 664 of the Laws of 1915, that the transfer by a non-resident decedent of " an interest in any partnership business conducted, wholly or partly, within the state of New York " shall be taxable " in such proportion  *  *  *  as the value of the entire property of such partnership located in the state of New York bears to the value of the entire property of such  *  *  * partnership."

The only fair interpretation of the legislative intent in the

addition to this subdivision of the words " or capital invested in business in the state by a non-resident of the state doing business in the state either as principal or partner " by chapter 323 of the Laws of 1916, was to limit the partnership *interest,* the transfer of which would be taxable, to *capital invested.* Necessarily good will was thereby exempted. This was the construction given to the statute by my learned colleague, Surrogate Cohalan, in *Matter of Tyson,* 113 Misc. Rep. 306; affd., without opinion, 201 App. Div. 840. The provision of the Tax Law applicable to the present case was in effect at the date of the death of the decedent in the *Tyson* case. The argument of the learned attorney for the state tax commission cannot lessen the force of the opinion in the *Tyson* case and the affirmance of the decision by the Appellate Division.

The second ground of the appeal is overruled and the order fixing tax affirmed. Submit order accordingly.

Decreed accordingly.