In the Matter of the Estate of HENRY R. C. WATSON, Deceased.

Surrogate's Court, New York County, January, 1923.

**Transfer tax — equitable conversion of real estate — non-resident decedent — when no tax payable on transfer of stock in New York corporation.**

Where real property, which came to a non-resident decedent from his father's estate became under the doctrine of equitable conversion personal property for the purposes of a trust created by the father's will, said property upon the death of the

decedent herein must be treated as a transfer of personalty and is not taxable under section 220 of the Tax Law.

A tax may not be imposed upon the transfer to decedent of stock in a New York corporation held by the trustee under the will of the father of decedent.

APPEAL from an order fixing the transfer tax.

*Decker & Allen* (*James J. Allen*, of counsel), for executors.

*Lafayette B. Gleason* (*Schuyler C. Carlton*, of counsel), for State Tax Commission.

FOLEY, S. The appeal of the executors from the order fixing the transfer tax on the ground that property has been included which is not taxable in an estate of a non-resident decedent, is sustained. The property in dispute came to this decedent from his father's estate. The decedent here died April 27, 1921; his father, William Watson, died in 1877. The latter's will directed the conversion of his real estate into cash with an imperative power of sale. Under the doctrine of equitable conversion, the real property thereby became personal property for the purposes of the trust. Upon the death of this decedent it must be treated as a transfer of personalty and is not taxable under section 220 of the Tax Law. *Matter of Mills*, 86 App. Div. 555; affd., 177 N. Y. 562. Neither can a tax be imposed upon the transfer of the shares of stock of the Cumbrae Realty Company, a New York corporation, held by the trustees under the father's will. The decedent at his death had title to no part of this specific property but simply had a claim, in the nature of a chose in action with the right to enforce distribution of the estate, which passed to his executors. *Matter of Lord*, 111 App. Div. 152; affd., 186 N. Y. 549; *Matter of Phelps*, 181 App. Div. 82; *Matter of Phipps*, 77 Hun, 325; affd., 143 N. Y. 641; *Matter of Zefita, Countess de Rohan-Chabot*, 167 id. 280; *Matter of Hazard*, 228 id. 26, 31; *Matter of Scully*, 118 Misc. Rep. 594.

Submit order accordingly.

Ordered accordingly.