(No. 5086.   March 20, 1929.)

In the Matter of the Estate of PHILIPP C. ZIMMER, Deceased. CARL ZIMMER, as Executor, and FREDERICKA ZIMMER, Widow, Respondents, v. GEORGE ZIMMER and MAGGIE GUNDERSON, Appellants.

[276 Pac. 302.]

Charles F. Austin and Hawley & Hawley, for Appellants.

James P. Pope, for Respondents.

BUDGE, C. J.—Under the provisions of the will of Philipp C. Zimmer, who resided in this state, his wife, Fredericka Zimmer, was left all the property, real, personal or mixed, of which the said Philipp C. Zimmer should die seised. In a will made by Lena Koehler, of Illinois, sister of Philipp C. Zimmer, he was given $25, but in a codicil executed some years later, he was given one-fourth of all the residue of her estate. Lena Koehler died January 16, 1924, and Philipp C. Zimmer died February 1, 1924, his wife surviving him. The executor of the will of Philipp C. Zimmer received the sum of $5,025 as a part of the bequest from Lena Koehler, and the only question here neces-

sary to be decided is whether the wife of Philipp C. Zimmer, deceased, under the will of the latter is entitled to such sum and possibly other amounts that may be received from the same source, or whether the same should be distributed among the heirs of Philipp C. Zimmer, under the provisions of C. S., secs. 7792, 7793, as property left by one who dies without disposing of it by will. In other words, it is contended by certain heirs of Philipp C. Zimmer that the bequest to Philipp C. Zimmer from his sister was not a vested interest at the time of his death and was not therefore subject to disposition under his will.

The law favors the vesting of estates at the earliest moment consistent with a fair interpretation of the will, and this is usually at the death of the testator. (Thompson on Construction of Wills, 599, 600, sec. 471, and cases cited from many jurisdictions.) An estate vests in interest when there is a present, accrued, fixed and indefeasible right of enjoyment at a future time. (Thompson, *supra*, p. 598.) It is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment, that makes the difference between the vested and contingent interest. (Thompson, *supra*, p. 599.) So far as we are advised by the record in this case, there was no contingency of any kind attached to the bequest of Philipp C. Zimmer under the will of his sister, Lena Koehler, and we conclude that the bequest to Philipp C. Zimmer vested in him at the time of the death of the testator, Lena Koehler, and was subject to disposition under the will of Philipp C. Zimmer as property of which he died seised.

It matters not at all whether the wife of Philipp C. Zimmer took her half of the community property of herself and husband under his will, or by virtue of the statute, C. S., sec. 7803, as the surviving spouse. The fact is, with regard to the particular property in dispute, that it was the separate property of Philipp C. Zimmer and as such subject to disposition under his will.

The judgment must be affirmed, and it is so ordered. Costs to respondents.

Givens, Wm. E. Lee and Varian, JJ., concur.

Petition for rehearing denied.