**306** MATTER OF TYSON.

Surrogate's Court, New York County, November, 1920. [Vol. 113.

Matter of the Estate of WESLEY A. TYSON, Deceased.

(Surrogate's Court, New York County, November, 1920.)

**Transfer tax — non-residents — when good will not taxable — Tax Law, § 220(2).**

> The good will of a business, which consists in the favorable attitude of the general public thereto, is not " capital invested in business in the state " within the meaning of section 220(2) of the Tax Law, and is not subject to a transfer tax.

APPEAL from order fixing transfer tax.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

William C. Orr, for Lillie M. Tyson, individually and as executrix.

COHALAN, S. This appeal is taken by the executrix of decedent's estate from the order fixing the transfer tax and the report of the appraiser on the ground that he has proceeded on an erroneous principle in his appraisal of the assets of decedent's estate taxable as capital invested in business in this state; that he has not correctly apportioned the debts and that the commissions of the executrix have not been properly fixed.

The decedent was a non-resident engaged in this city in the business of selling theatre tickets. The appraiser included in the gross assets of the business the value of stocks and bonds deposited in a bank as collateral for a loan. The proceeds were used by decedent in his business; and these securities were properly considered as invested capital.

The appraiser has added to the difference between the liabilities and the assets the sum of $36,329.85 as the value of the good will and has reported the total

as a taxable transfer. I think this was erroneous. The good will of the business is not an investment of the individual or copartnership. It is not capable of being assigned to any specific locality, but consists in the favorable attitude of the public everywhere toward the business. It is not " capital invested in business in the state," the taxation of which is provided for by subdivision 2 of section 220 of the Tax Law.

The proper method of appraisal was followed in treating the business of decedent as a separate liability and in allowing commissions to the executrix on the net value as a single asset. The report of the appraiser will be returned to him for revision and correction in accordance with this decision.

Decreed accordingly.