In the Matter of the Petition of W. RUSSELL CHERRY, Executor, etc., to Obtain a Construction of the Last Will and Testament of LILIAN BARTON WILSON, Deceased. In the Matter of the Petition of AVIS WILSON DOWSEY, Legatee, to Obtain a Construction of the Last Will and Testament of LILIAN BARTON WILSON, Deceased. AVIS WILSON DOWSEY, Appellant; W. RUSSELL CHERRY, as Executor, etc., of LILIAN BARTON WILSON, Deceased, and WILFORD E. NEIER, Special Guardian for LAUREL DOWSEY and IRIS MARSHA DOWSEY, Infants, etc., Respondents.— The decedent's daughter, a legatee under the will, and the executor instituted separate proceedings and asked for a construction of paragraphs " Sixth " and " Seventh " of decedent's will. The proceedings were consolidated and a decree entered. The daughter appeals from the decree and from an order denying her motion to resettle it. Decree of the Surrogate's Court, Nassau County, modified on the law and the facts by inserting the following after the first decretal paragraph thereof: " Ordered, adjudged and decreed that so much of the securities deposited by the testatrix as collateral security as is necessary to satisfy the loan referred to in the last preceding paragraph passed to the legatee, Avis Wilson Dowsey, under paragraph ' Seventh ' of said will, and she is entitled thereto, and that the balance remain a part of the testatrix's estate; and it is further;" and further modified by inserting after the word " inclusive " in the second decretal paragraph thereof the words " and the lots numbered 4 to 11, both inclusive." As so modified, the decree is unanimously affirmed, with costs to all persons filing briefs, payable out of the estate. In our opinion the finding of the surrogate that the loan was an indebtedness of the business is supported by the evidence. Therefore, the collateral pledged for the loan, to the extent necessary to extinguish the indebtedness, may properly be considered as invested capital. (*Matter of Tyson*, 113 Misc. 306; affd., 201 App. Div. 840.) There is ample evidence to support the finding of the surrogate that the devise of real estate to appellant was intended to be, and is, a devise of lots numbered 65 to 70, inclusive. It is admitted that the testatrix intended that this devise include lots numbered 4 to 11, inclusive, representing an adjoining strip twenty-two and one-half feet deep and shown on Exhibit C. Appeal from the order denying resettlement of the decree dismissed, without costs. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

AGNES F. KAISER, Respondent, v. JOHN D. KAISER, Appellant.— Action for separation. Order awarding alimony and counsel fee to plaintiff wife affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur. Settle order on notice.

ELBERT O. KELSEY, as Trustee, Appellant, v. BERKLEY HILLS CORPORATION and Others, Defendants; SCARSDALE NATIONAL BANK AND TRUST COMPANY, as Trustee, Respondent.— In an action to foreclose a mortgage on real property, order granting the motion of respondent, a prior mortgagee, for summary judgment, and the judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. (See *Crane* v. *Scarsdale National Bank and Trust Co., ante*, p. 877, decided herewith.) No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.